ZUNZ *v.* HEROY *et al.*

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

CONTRACT—ACTION FOR BREACH—COUNTER-CLAIM.

Plaintiff made contracts with defendants to deliver them merchandise, and it was stipulated, as a condition of the shipment that defendants should furnish letters of credit to plaintiff to secure the price, and two letters of credit were furnished under the first order, and shipments made. These letters of credit were afterwards withdrawn, and none others issued. *Held,* that defendants failed to show performance of the contracts on their part, and their counter-claims of damages, by reason of plaintiff's neglect to ship the goods, were properly dismissed.

Appeal from special term.

Action by Paul Zunz against James H. Heroy, David J. Marenner, and William W. Heroy, for an accounting. Defendants filed counter-claims. There was judgment for plaintiff, ordering that an account be had before a referee, and dismissing defendants' counter-claims. Defendants appeal.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*William W. Niles,* for appellants. *Horwitz & Hershfield,* for respondent.

LARREMORE, C. J. The record in this case is voluminous, but the points to be considered on the appeal are very simple. The action is for an accounting for the proceeds of glass shipped to defendants, as brokers, to be sold for plaintiff's account. Defendants admitted the delivery to and sale by them of the merchandise specified in the complaint, and there is evidence to support the findings of the judge at special term as to the agency on defendants' part. Indeed, it would almost seem, from a perusal of the testimony, that defendants did not seriously dispute plaintiff's original claim, or the sufficiency of the evidence to uphold it, but relied upon their counter-claims. Said counter-claims were properly dismissed. They were alleged to have arisen on contracts for the sale of glass to defendants by plaintiff, and defendants aver that they have suffered damage by reason of plaintiff's neglect to deliver such merchandise to them. But the contracts in question stipulate that, as a condition to the shipment of goods, defendants should furnish letters of credit on certain bankers to plaintiff, to secure him for the purchase price. Two letters of credit were in fact furnished under the first order, and plaintiff accordingly shipped goods as called for by the contract. These two letters of credit were subsequently canceled, and none others were afterwards given. Defendants' case on such counter-claims was therefore fatally defective, in that it failed to show performance on their part of the contracts of which they claimed the benefit. But, beyond this, defendants do not prove any actual damage by reason of the failure of the plaintiff to forward the glass. This in itself would have necessitated a dismissal of the counter-claims. The learned counsel for the appellants strenuously insists that the counter-claims should not have been dismissed, but an award of nominal damages should have been made upon them. This is an action in equity for an accounting, and we have been unable to perceive how such award could be of the slightest benefit to defendants, even if, as matter of law, they were entitled to it. In our opinion, the trial judge properly eliminated all consideration of the alleged counter-claims from the case before sending it to a referee to take and state the account. As to the appeal from the order of March 29, 1889, refusing to amend the interlocutory judgment, it will be useless to consider the same now; for it appears that the referee has already made and filed his report. Whether or not he acted upon a too narrow view of the scope and meaning of the interlocutory judgment we will determine if an appeal is taken from the final judgment. It would be impossible to consider this question intelligently, without having before us the record of proceedings upon such reference. The interlocutory judgment appealed from should be affirmed, with costs.